**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles W. Gribben, | No. CV-04-2814-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| United Parcel Service, Inc., | |
| Defendant. | |

**I**

Charles Gribben claimed that United Parcel Service, Inc. ("UPS") discriminated and retaliated against him in violation of the Americans with Disabilities Act. We granted summary judgment for UPS on the discrimination claim, and a jury found for UPS on the retaliation claim. We now have before us Gribben's motion for a new trial (doc. 133), the response and the reply.

**A**

In an action in which there has been a jury trial, a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59. More specifically,

> [a] motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged

1
2
3

    substantial errors in admission or rejection of evidence or instructions to the jury.

Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S. Ct. 189, 194 (1940).

    However, a motion for a new trial is not an appropriate means by which to attack an order granting partial summary judgment that was issued prior to trial. To the extent that a party seeks relief from such an order, the party shall move for reconsideration or file an appeal. We therefore decline Gribben's untimely invitation to reconsider our order granting summary judgment on his discrimination claim.

**B**

    UPS moved in limine to exclude evidence related to the claim that UPS retaliated by requiring Gribben to be 100 percent fit for duty (doc. 101). We granted the motion because that claim was not timely raised. Pretrial Conf. Tr. at 4-6. Gribben set forth four grounds for discrimination and retaliation in the complaint; the requirement to be 100 percent fit for duty was not one of them. Complaint ¶ 25. UPS moved for summary judgment "on all of Gribben's claims," Motion for Summary Judgment at 13, but Gribben made no reference to the claim in his response despite his obligation to respond with respect to every claim in the complaint. The claim was raised in Gribben's charge before the Equal Employment Opportunity Commission ("EEOC"), Gribben contends that it could be implied from a case cited in the response to the motion for summary judgment, and it was raised to UPS during pretrial preparation, all of which are insufficient to give UPS timely notice. Accordingly, we properly granted UPS's motion in limine.

**C**

    Jerry Dalzell testified at trial that he did not recall having a conversation with Steve Stevens regarding Gribben's EEOC determination in which he allegedly told Stevens that he would talk to Denise Ecker about the determination. Gribben contends that Charles Rahill interviewed Stevens and that Stevens made statements during that interview that contradict Dalzell's testimony. Gribben attempted to introduce Rahill's testimony, and through Rahill

- 2 -

1 introduce a recording of Stevens's interview. However, we excluded the evidence because
2 neither Rahill nor the recording were disclosed pursuant to Rule 26(a)(3), Fed. R. Civ. P, and
3 the evidence does not fall into the "solely for impeachment" exception to that rule. Trial
4 Tr. at 28.

5       Having elicited Dalzell's statement that he did not have the disputed conversation with
6 Stevens, Gribben could have then impeached Dalzell with, for example, Dalzell's prior
7 inconsistent statement, to the extent one exists. Instead, Gribben sought to elicit Stevens's
8 statement that Dalzell had the contested conversation. While the contradictory statement
9 would undoubtedly draw Dalzell's credibility into question, this is not evidence that is "solely
10 for impeachment." This is contradictory substantive evidence that shows that Dalzell knew
11 of the EEOC determination, and consequently could show that the determination was the
12 basis for Gribben's dismissal. This undisclosed evidence was properly excluded.

13 **D**

14       At trial, Gribben called Denise Ecker, UPS's human resources manager. On direct
15 examination, he questioned her with regard to the handling of his request for reasonable
16 accommodation. Trial Tr. at 10-16. UPS objected to the testimony, contending that it is
17 irrelevant. Gribben contended that it is relevant "[o]nly in the context of whether policies
18 were followed or not." Id. at 17. We sustained the objection. Id. Gribben now contends that
19 the evidence is relevant because it rebuts Ecker's earlier testimony elicited by UPS that Ecker
20 properly handled Gribben's request. There was no such earlier testimony; this issue arose on
21 direct examination. We properly excluded this irrelevant evidence.

22 **E**

23       UPS moved in limine to exclude evidence related to its consent decree with the EEOC
24 in an unrelated action (doc. 99). We expressed our concern that a jury may use this evidence
25 to conclude that UPS acted in conformity with this other "wrong." Pretrial Conf. Tr. at 3;
26 Fed. R. Evid. 404(b). However, assuming that Gribben could establish an exception to the
27 other wrongs bar of Rule 404(b), we excluded the evidence pursuant to Rule 403, Fed. R.

28

1  Evid., because the potential for unfair prejudice outweighed the probative value of the
2  evidence. Pretrial Conf. Tr. at 3.  Gribben now contends that the evidence is admissible
3  pursuant to Rule 404(b) because it is relevant to prove a "material point in issue," Motion for
4  New Trial at 10, but he fails to identify how the consent decree is material to the retaliation
5  claim.  Moreover, Gribben fails to address Rule 403.  We properly excluded this unfairly
6  prejudicial evidence.

**F**

8  Evidence that is sufficient to reach the jury on a retaliation claim may not be sufficient
9  to justify a punitive damages instruction.  See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d
10 1020, 1041 (9th Cir. 2003); Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536, 119 S. Ct. 2118,
11 2125 (1999) ("There will be circumstances where intentional discrimination does not give
12 rise to punitive damages liability under this standard.").  Gribben produced evidence from
13 which a jury could have reasonably concluded that UPS retaliated against him.  He did not,
14 however, produce evidence from which a jury could reasonably conclude that UPS's conduct
15 was malicious, oppressive or committed in reckless disregard for his rights.  Accordingly,
16 we did not submit a punitive damages instruction to the jury. Trial Tr. at 36.  At all events,
17 Gribben's retaliation claim failed, and therefore Gribben's motion with regard to the punitive
18 damages instruction is moot.

**II**

20 For these reasons, **IT IS ORDERED DENYING** the motion for a new trial (doc.
21 133).

22  DATED this 5th day of June, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -